IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Preston Pettigrew,<br><br>      Plaintiff,<br><br> vs.<br><br>Carolyn W. Colvin, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | Civil Action No. 6:16-2369-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendant's motion to transfer venue (doc. 17). The matter was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

    The plaintiff, who is proceeding *pro se*, brought this action pursuant to Sections 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits under Title II of the Social Security Act (doc. 1 at 3).

    Section 205(g) of the Social Security Act provides that a plaintiff shall bring an action against the Commissioner "in the district court of the United States for the judicial district in which the plaintiff resides . . . ., or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff resides in Hartwell, Hart County, Georgia (*see* doc. 1).  In his response in opposition to the motion, the plaintiff states that he was born in South Carolina and has lived 59 of his 60 years in South Carolina (doc. 22 at 1).  He also notes that he filed for Social Security in South Carolina (*id.* at 2).  However, pursuant to the above statute, it is clear that the appropriate venue for this case is in the Middle District of Georgia as the plaintiff resides in Hartwell, Georgia (*see* doc. 1 at 2, doc. 22-1).

Based on the foregoing, venue in this district is improper.  Accordingly, the defendant's motion to transfer venue (doc. 17) should be granted, and this case should be transferred to the United States District Court for the Middle District of Georgia.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 24, 2017
Greenville, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).